## 9785

### WELSH v. ATLANTIC COAST LINE R. CO.

(93 S. E. 196.)

BOUNDARIES—ORDER FOR SURVEY—DISCRETION.—In an action for damages
caused by ditch dug by defendant along the line of plaintiff's land,
where defendant's affidavit for an order of survey did not disclose
facts from which a survey appeared necessary, and the pleadings
did not suggest such necessity, the Court was not bound to make
the order, under Civ. Code 1912, sec. 3538, requiring the Court to
appoint surveyors in causes wherein the boundaries of land shall
be brought in dispute.

Before MEMMINGER, J., Bishopville, April, 1917.   Af-
firmed.

Action by L. D. Welsh against the Atlantic Coast Line
Railroad Company.   From an order refusing to grant
defendant's motion for an order of survey, it appeals.

*Messrs. Tatum & Jennings* and *Henry E. Davis,* for
appellant, cite: *As to right to appeal from order:* Code Civ.
Proc., sec. 11, subd. 1; 11 S. C. 122; 65 S. C. 226; 101 S. C.
437; 102 S. C. 442.   *Right to survey:* Civil Code, secs.
3528, 3529; 25 S. C. L. (Chev.) 119; 87 S. C. 424.   *Acquire-
ment of easement by adverse use:* 97 S. C. 233; Jones Ease-
ments, sec. 799; Civ. Code, secs. 3538, 3539; 7 Stats. 177.

*Messrs. McLeod & Dennis,* for respondent, cite: 14 S. C. L. 85.

July 27, 1917.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

The appeal is from an order of the Circuit Court, which refused to make an order of survey, moved for by the defendant. The single question is: Was the Court bound to make the order?

The complaint charges that the defendant's railroad track, running north from Elliott to Wysacky, in Lee county, parallels and touches the plaintiff's lands; that the defendant cut a certain ditch along its line, and flung on the plaintiff's land to the south, a vast quantity of water, to the plaintiff's hurt; that the plaintiff had a ditch across the defendant's road, and that the defendant stopped that ditch and impeded the water, and hurt the plaintiff's land and crop. The defendant denied the allegation, and pleaded that it had aforetime made full compensation to the plaintiff for any damage in that behalf. The defendant moved for the order on an affidavit of counsel that he had examined the evidence in the case, and that to properly determine the facts in the case there ought to be a survey.

We are of the opinion that the Court was not bound to grant the order. The statute requires the Court to appoint surveyors in causes wherein the boundaries of lands shall be brought in dispute. Section 3538, Code of Laws. It is true orders of survey have been made in other cases than those which strictly involve boundaries. *Scriven* v. *Heyward,* 25 S. C. L. (Cheves) 119. But the Court is not bound to grant the order in every case. *Cruikshanks* v. *Frean,* 14 S. C. L. (3 McCord) 84; *State* v. *Sartor,* 33 S.

C. L. (2 Strob.) 60; *Thomas* v. *Jeter,* 19 S. C. L. (1 Hill) 380. The affidavit does not disclose any fact from which a survey appears to be necessary. The pleadings do not suggest any such necessity.

The order of the Circuit Court is affirmed.